UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NOAH STEFFY                                                                                      PLAINTIFF

v.                                            No. 2:17-CV-02228

GROUP COORDINATOR BRENDA
BROWN, et al.                                                                                  DEFENDANTS

**ORDER**

Before the Court are Plaintiff's motion to appoint counsel (Doc. 22), motion for sanctions (Doc. 23), and motion to compel (Doc. 24). The deadline to respond has not yet passed, but no response is necessary. The motions will be denied.

With respect to Plaintiff's motion to appoint counsel, a civil litigant does not have the right to appointed counsel. The Court may request that an attorney represent a pro se civil litigant who is proceeding in forma pauperis, but may not require that representation. 28 U.S.C. § 1915(e)(1); *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Plaintiff has given the Court no reason to justify such a request in this case. The issues of law and the process of discovery in this case may be "extraordinarily complex and require a degree of experience beyond Plaintiff's lay understanding" (Doc. 22), but this is true of nearly every case, and is the reason parties secure representation on their own. Plaintiff has not distinguished his situation from that of nearly every other pro se litigant, and has not shown that circumstances prevent him from requesting assistance of counsel directly, without the Court's assistance.

With respect to the motion for sanctions, no sanctions will be imposed. Defendant Rheem Manufacturing ("Rheem") has no obligation to serve Plaintiff's complaint upon its own employees. The Rules of Civil Procedure place that burden on Plaintiff. Because Plaintiff is proceeding in forma pauperis, the Court can direct the United States Marshal Service to serve

Defendants, but if Plaintiff wants that service to be effective, he has the obligation to provide accurate information. In this case, the Court directed Plaintiff to provide addresses at which Defendants could be served and Plaintiff identified each of the individual Defendants as having secured "Corporation Service Company" as an agent authorized by appointment or by law to receive service of process. It appears that Defendant Rheem uses Corporation Service Company as its agent, but there is no evidence that any individual Defendant—Brenda Brown, Matt Shores, Rod Dhone, or William Tee Hesson—has asked Corporation Service Company to act as his or her agent and accept service of process on his or her behalf. It appears Corporation Service Company did not refuse service for the other Defendants, but it does not appear that Corporation Service Company accepted service at the request of any Defendant or in an effort to impede proper service.

With respect to the motion to compel, it appears Rheem has received service of process but has not provided last known address information for other Defendants as directed by the Court. Under one reading, the Court's order (Doc. 7) distinguishes "Defendants" from "service recipients," and "service recipient" could be interpreted to mean only Corporation Service Company. The Court did not intend that distinction and would be normally be inclined to clarify its order and direct Rheem to provide last known address information for the other Defendants.

That is not necessary here, however, because even as liberally construed, the complaint does not appear to allege facts that show that the individual Defendants were Plaintiff's employers. Instead, the factual allegations can only reasonably be construed to demonstrate that the individual Defendants, even Plaintiff's supervisors, were also employees of Defendant Rheem. Plaintiff complains of acts of discrimination based on "Plaintiff's religious beliefs, hair color, sex, and age." (Doc. 1, p. 2). Any action under 42 U.S.C. § 2000e-5 for unlawful employment discrimination on account of religion or sex, and under 29 U.S.C. § 626 for unlawful employment discrimination on

account of age, can proceed only against Plaintiff's employer.  *See Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995) (noting substantially identical definitions of "employer" in Title VII and ADEA and reiterating that coworkers are not individually liable for discrimination under Title VII); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994) ("[L]iability under 42 U.S.C. § 2000e(b) can attach only to employers."); *see also Bonomol-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (recognizing that, like coworkers, supervisors cannot be held individually liable under Title VII). Because there is no factual allegation in the complaint from which it reasonably can be inferred that any Defendant other than Rheem was Plaintiff's employer, the claims asserted in the current complaint against those other Defendants are likely to be dismissed.[1]  Compelling Rheem to provide information so that Plaintiff can sue other Defendants for claims that imminently will be dismissed would be a waste of party and Court resources.

IT IS THEREFORE ORDERED that Plaintiff's motions for appointment of counsel, sanctions, and to compel (Docs. 22, 23, and 24) are DENIED.

IT IS SO ORDERED this 20th day of February, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] The Court will refrain from dismissing the claims against the individual Defendants at this time because Plaintiff still has an opportunity to respond to Defendant Rheem's pending motion to dismiss, and an amended complaint is allowed once as a matter of course in such instances under Federal Rule of Civil Procedure 15(a)(1)(B).